**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony William Coleman,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>　　　　　Respondents. | No. CV-14-02434-PHX-PGR<br><br>**ORDER** |

The Court has before it the Report and Recommendation ("R&R") (Doc. 13) of Magistrate Judge Michelle H. Burns, filed on September 15, 2015. Petitioner has filed objections to the R&R (Doc. 14). The Court, having reviewed de novo the R&R, Petitioner's objections, and the entire record in this matter, will overrule the objections.

Petitioner's objections relate to the R&R's determination that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is inapplicable and does not excuse the untimeliness of Petitioner's federal habeas petition. Specifically, Petitioner contends that he did not learn of the *Martinez* decision until 2013, so he could not have filed his claim based on *Martinez* until that time.

As found in the R&R, *Martinez* is inapplicable here. At issue in *Martinez* was "whether a federal habeas court may excuse a *procedural default* of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313 (emphasis added). The Supreme Court held that such a procedural default could be

excused if the failure to raise the issue in state court was due to the ineffective assistance of counsel (or lack or counsel) at the initial-review collateral proceeding. *Id.* at 1320.

Thus, *Martinez* is applicable when the issue is *procedural default* of a claim. *Martinez* did not, however, address and is therefore not applicable when the issue is whether a claim is *untimely* due to the running of the AEDPA limitations period. *See Brown v. Ryan*, 2015 WL 3990513, at *9 (D. Ariz. 2015) ("The *Martinez* decision does not address the timeliness of a habeas petition or the tolling of the AEDPA limitations period."); *Wheelwright v. Wofford*, 2014 WL 3851155, at *3 (E.D. Cal. 2014) ("Although the rule in Martinez is an equitable one, it applied only to procedural default issues and does not apply to equitable tolling principles pertinent to the AEDPA limitations issue."); *Perry v. Uribe*, 2014 WL 4463120, at *3 (C.D. Cal. 2014) ("Martinez dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether Petitioner herein (including the ineffective assistance of trial counsel claim alleged in Ground 2) was time barred under the AEDPA statute of limitations."); *see also White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (the adequacy analysis used to decide procedural default issues is inapplicable to the determination of whether a federal habeas petition was barred by the AEDPA statute of limitations).

In the present case, at issue is not whether Petitioner's claim is procedurally defaulted, but rather whether Petitioner's claim is time barred by the AEDPA limitations period. Accordingly, *Martinez* is inapplicable and the timing of when Petitioner learned of *Martinez* is irrelevant.

The Court agrees with and adopts the R&R, including the determination that the statute of limitations ran prior to Petitioner's filing of his habeas petition, and that his petition is therefore untimely.

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 13) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that Petitioner's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5) is denied and that this action is dismissed with prejudice. The Clerk of the Court shall enter judgment

accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued and that the petitioner is not entitled to appeal *in forma pauperis* because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Dated this 4th day of November, 2015.

Paul G. Rosenblatt
United States District Judge